**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| LEONARDO LAGO-PLANAS, | ) | |
| ID # 09010735, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:09-CV-1760-L-BH |
| | ) | |
| SERGENT RIVERA, et al., | ) | |
|     Defendants. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3-251*, this action has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I.  BACKGROUND**

Plaintiff, a former detainee in the Dallas County Jail awaiting transfer to the State Mental Facility in Terrell, Texas,[1] brings this action pursuant to 42 U.S.C. § 1983 against two officers of the Dallas County Sheriff's Department, alleging that they assaulted him.  (Compl. at 1, 3-4; Answers to Question 2 and 4 of Magistrate Judge's Questionnaire ("MJQ").[2])  As relief, he only seeks criminal charges against the two officers.  (Compl. at 4; Answer to Question 6 of MJQ.)  No process has been issued in this case.

**II.  JURISDICTION**

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  They "must presume that a suit lies outside this limited jurisdiction,

---

[1] Plaintiff has now been transferred to the Terrell State Hospital.

[2] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). "One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). This requirement, like other jurisdictional requirements, is "not subject to waiver." *Lewis v. Casey*, 518 U.S. 343, 349 n.1 (1996). The Supreme Court, furthermore "insist[s] on strict compliance" with the requirement. *Raines*, 521 U.S. at 819.

To meet the standing requirement plaintiffs "must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Id.* at 818 (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)); *accord Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). They "must establish . . . a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to [them]." *Raines*, 521 U.S. at 819. Further, "the alleged injury must be legally and judicially cognizable." *Id.* "The constitutional limits on standing eliminate claims in which the plaintiff has failed to make out a case or controversy between [the plaintiff] and the defendant." *Lewis v. Knutson*, 699 F.2d 230, 236 (5th Cir. 1983).

Courts have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). Fed. R. Civ. P. 12(h)(3) requires that a federal court dismiss an action if it determines that it lacks jurisdiction over the subject matter.

In this § 1983 action, Plaintiff seeks only to file criminal charges against two officers who allegedly assaulted him. However, § 1983 provides no means to criminally prosecute anyone. *Williams v. Davis*, No. 3:09-CV-0296-B, 2009 WL 928318, at *2 (N.D. Tex. Apr. 6, 2009) (accepting recommendation of Mag. J.); *King v. Forest*, No. 3:08-CV-1405-L, 2008 WL 4951049, at *2 (N.D. Tex. Nov. 14, 2008) (same). A civil action does not permit a private party to enforce criminal statutes. *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007). There is no constitutional right to have someone criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another", Plaintiff lacks standing to use this civil forum to criminally prosecute his alleged assaulters. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Plaintiff's requested relief cannot redress the alleged unlawful conduct of defendants. Given Plaintiff's lack of standing, this Court lacks jurisdiction over the subject matter.

### III.  RECOMMENDATION

The District Court should **DISMISS** Plaintiff's complaint for lack of subject matter jurisdiction.

**SIGNED this 23rd day of October, 2009.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE